# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RICHARD HUNT**                                                                                  **PLAINTIFF**
**ADC #155896**

**v.**                              **No: 4:20-cv-00243 KGB-PSH**

**ADAM K. CLARK**                                                                                 **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Richard Hunt filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 6, 2020 (Doc. No. 2).[1] On October 29, 2020, mail sent to Hunt was

---

[1] In its initial order to Hunt, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Hunt that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

returned as undeliverable (Doc. No. 14). The same day, the Court entered a text order notifying Hunt that the mail could not be delivered to him because he was no longer at the address he provided (Doc. No. 15). Hunt was directed to provide notice of his current mailing address no later than thirty days from the entry of the October 29, 2020 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's October 29 order could not be delivered to Hunt because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 16.

More than 30 days have passed, and Hunt has not complied or otherwise responded to the October 29 order. Hunt failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that this case be dismissed without prejudice.

DATED this 3rd day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE